# EXHIBIT 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | | 6:20-cv-571 |
|---|---|---|---|

WSOU Investments LLC

_____

*Plaintiff*

v.

Google LLC

_____

*Defendant*

)
)
)
)
)
)
)

Civil Action No.

6:20-cv-571
6:20-cv-572
6:20-cv-573
6:20-cv-574
6:20-cv-575
6:20-cv-576
6:20-cv-577
6:20-cv-578
6:20-cv-579
6:20-cv-580
6:20-cv-582
6:20-cv-584
6:20-cv-585

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Aqua Licensing LLC
         9 E. Loockerman Street, Suite 311, Dover, Delaware 19901

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 1568 North Dupont Highway<br>Dover, Delaware 19901 | Date and Time:<br><br>August 4, 2021 |
|---|---|

The deposition will be recorded by this method:      Stenographic, video and audio recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         See Exhibit A

_____

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     July 21, 2021
        _____

                *CLERK OF COURT*
                                                        OR
        _____              _____
        *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
        Google LLC
_____ , who issues or requests this subpoena, are:

      Jennifer A. Kash, Warren Lex LLP, 2261 Market Street, San Francisco, CA 94114; jen@warrenlex.com; 415-895-2923

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      The term "WSOU v. Google Litigations" means 6:20-cv-00571, 6:20-cv-00572,

6:20-cv-00573, 6:20-cv-00574, 6:20-cv-00575, 6:20-cv-00576, 6:20-cv-00577, 6:20-cv-00578,

6:20-cv-00579, 6:20-cv-00580, 6:20-cv-00583, 6:20-cv-00584, 6:20-cv-00585.

2.      The terms "WSOU," shall mean plaintiff WSOU Investments, LLC, WSOU

Holdings, LLC, WSOU Investments II, LLC, WSOU Capital Partners, LLC, and their officers,

directors, principals, current and former employees, counsel, agents, consultants, representatives,

and any other persons acting on behalf of any of the foregoing; as well as its affiliates, parents,

divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest,

and any other legal entities, whether foreign or domestic, that are owned, controlled by, or under

common control with it, and all predecessors and successors in interest to such entities.

3.      The term "Defendant" or "Google" shall mean Google LLC, and shall include,

individually or collectively, any and all of its past and present officers, directors, partners,

trustees, employees, corporate parents, subsidiaries, predecessors, affiliates, agents,

representatives, and attorneys.

4.      The term "AQUA," "you," and "your" shall mean Aqua Licensing, LLC, its

current and former officers, directors, principals, employees, counsel, agents, consultants,

representatives, affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns,

predecessors and successors in interest, any other persons acting on behalf of any of the

foregoing, and any other entities that own or control or are owned or controlled by or share

common ownership or control with any of the foregoing, as well as predecessors and successors in interest to such entities.

5.      The term "asserted patent" shall mean any patent asserted in the WSOU v. Google litigations, including without limitation, U.S. Patent Nos. 7,620,967, 7,777,728, 7,817,858, 7,946,491, 8,041,806, 8,559,928, 8,595,283, 8,640,180, 8,737,961, 8,751,585, 8,803,697, 8,965,045, 9,335,825.

6.      The term "AST" shall mean Allied Security Trust, a Delaware statutory trust; and their trustees, managers, agents, representatives, employees, attorneys, or entities acting in conjunction, joint venture, or partnership with any of them.

7.      The term "affiliates" shall mean any entity, including parent companies and majority-owned subsidiaries, now or hereafter acquired or formed that is directly or indirectly controlled by a party, or is under common control with a party, or is an entity that controls a party, as well as all predecessors and successors of such entities. For this purpose "control" means direct or indirect ownership of, or the right to exercise, at least 50% of the voting power, or at least 50% of the ownership interest representing either the irrevocable right to name a majority of the members of the governing body of such entity, or the right to make binding decisions for the entity.

8.      The term "related application" shall mean any patent or application related to a patent, including any application or other filing from which the patent claims priority, any foreign counterpart patents or applications, whether by continuation, continuation-in-part, division, reexamination, correction or re-issue, and whether issued, pending, or abandoned.

9.      The term "related patent" shall mean any patent, including any foreign counterpart patent and any patent which may have been opposed, contested or subjected to any nullity proceedings, that is based in whole or in part on any related application.

10.      The term "named inventor" means any person or persons named as an inventor on the face of any asserted patent or related patent.

11.      The term "accused product" shall mean any item, device, or product that WSOU contends infringes one or more claims of any asserted patent.

12.      The term "asserted claim" shall mean any claim of any asserted patent that WSOU contends has been infringed by Google.

13.      The terms "including" or "that includes" mean including without limitation.

14.      The term "person" includes any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

15.      The term "prior patent owner" shall mean any person that owned any interest in the patent-in-suit or any application leading to the patent-in-suit.

16.      The terms "concerning," "regarding," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, concerning, constituting, contradicting, comprising, commenting on, containing, describing, discussing, embodying, evidencing, identifying, involving, mentioning, pertaining to, referring to, reflecting, regarding, relating to, responding to, stating, supporting, tending to support or refute, relating or referring (directly or indirectly) to or in any way, the particular subject matter identified, in whole or in part.

17.     The term "document," as used herein, has the same meaning it has under Rule 34 of the Federal Rule of Civil Procedure and includes all written, graphic or otherwise recorded material, including microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications, recordings of conversations either in writing on any mechanical or electronic recording device, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter, from the original, and further includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

18.     "Communications" includes any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

19.     Use of the singular also includes the plural and vice-versa.

– 4 –

20.     The terms "or" and "and" shall be both conjunctive and disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these discovery requests.

21.     The words "any" and "each" shall be construed to encompass the word "all."

22.     A verb in any tense shall mean the verb in all other tenses.

23.     The term "Alcatel" shall mean Alcatel-Lucent International and all parents, subsidiaries, affiliates, predecessors, successors, including but not limited to Alcatel and Lucent Technologies.

24.     "Nokia" shall mean Nokia Corporation and all parents, subsidiaries, affiliates, predecessors, including but not limited to Nokia Technologies Oy and Nokia Solutions and Networks BV.

25.     "Other WSOU Defendants" shall mean any and all companies that WSOU haas sued in patent litigation matters, including but not limited to ZTE Corporation, ZTE (USA), Inc., ZTE (TX), Inc.; Microsoft Corporation; Dell Technologies, Inc., Dell Inc., EMC Corporation, VMWare, Inc.; Huawei Technologies Co.,Ltd., Huawei Technologies USA Inc., Huawei Device (Shenzen) Co., Ltd. (f/k/a Huawei Device Co., Ltd.), Huawei Device USA, Inc., Huawei Investment & Holding Co., Ltd.; Hewlett Packard Enterprise Company; Juniper Enterprise Networks, Inc.;Xilinx, Inc.; NEC Corporation; OnePlus Technology (Shenzen) Co., Ltd.; Canon, Inc.;TP-Link Technology Co., Ltd.; F5 Networks, Inc.; Arista Networks, Inc.; Salesforce.com; Cisco Systems, Inc.; Netgear, Inc..

**INSTRUCTIONS**

1.       The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine or neutral gender as in such case is most appropriate.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.  The words "any" and "each" shall be construed to encompass the word "all."  The past tense shall be interpreted to include the present tense where the meaning is not distorted and the verb form of a noun or pronoun may be used, as appropriate in a particular context.

2.       In the event that you object to any document request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that document request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that document request for purposes of your response.

3.       In the event that you object to any document request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning actually attributed to you by such words for purposes of your response thereto.

4.       If possible, supply all annual data requested on a calendar basis. However, if fiscal year data is provided, please specify the month in which the fiscal year begins and terminates.  Where information is requested "for each year," include the requested information for all prior years and also the requested information available for the current year and specify what portion of the current year is covered by such information.

5.      If information requested is not readily available from your records in exactly the form requested, furnish the information in the form maintained by you or carefully prepared estimates, designated as such and attach explanations of any estimate used and how the estimate was prepared.

6.      If you do not answer any request, or part thereof, because of a claim of privilege or any other claim, set forth the privilege claimed, the facts upon which you rely to support the claim or privilege and furnish a list identifying each item of information for which privilege is claimed, containing at least the following information:

    a.   The date the document was created;

    b.   The names of the owner or author(s)/sender(s) of the document;

    c.   If the document is an email, the name of the recipient(s), including copy and blind copy recipients;

    d.   A brief description of the document and type of legal advice; and

    e.   The grounds for the claim or privilege (e.g., attorney work product, attorney-client communication).

The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or associated. If the sender or recipient is an attorney or foreign patent agent, he or she should be so identified. In the case of a foreign patent agent, there should be a statement of whether the laws of the agent's country grant privileged status to a patent agent's communication. The type of privilege claimed must also be stated, together with certification that all elements of the claimed privilege have been met and not waived with respect to each document.

– 7 –

7.      Technical terms shall have their normal technical meaning. If you find the meaning of any term in these requests to be unclear, you must assume a reasonable meaning, state what the assumed meaning is, and answer on the basis of that assumed meaning. If you wish to clarify your interpretation of any particular term that it relied on in answering a request, you should do so in its answer.

8.      To the extent that any portion of an request requires the production of documents that were at one time within Aqua's possession, custody, or control, but which are now in the possession, custody, or control of another, Aqua is directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena and to give the name, telephone number, address, and e-mail address of the person last known by Aqua to have been in possession, custody, or control of such documents.

### REQUESTS FOR PRODUCTION

1.      All documents concerning each agreement, proposal, offer or other discussions by you or your predecessors in interest, including any prior patent owner, regarding actual or potential licensing or sale of any asserted patent, related patent, or related application, whether individually or in combination with any other patents or applications, including communications regarding such a proposal, draft agreements, and executed agreements.

2.      Documents sufficient to identify all attempts to license, sell, or assign: (1) any asserted patent, related patent, or related application, and/or (2) any rights to or interests in any asserted patent, related patent, or related application, and the people responsible for any attempts to license, sell, or assign any asserted patent.

3.      All documents concerning any decision to license, sell, or assign any asserted patent, related patent, or related application and/or any rights to or interests in any asserted patent, related patent, or related application.

4.      Documents sufficient to identify all entities which have participated in the licensing, assignment, or sale of any asserted patent, related patent, or related application.

5.      Documents sufficient to identify all entities of which you are aware that are currently, or were previously, licensed to any asserted patent, related patent, or related application including but not limited to those entities listed in the Telecommunications White List dated August 22, 2017.

6.      Documents sufficient to identify all products of which you are/were aware that practiced or currently practice any claim of any asserted patent, related patent, or related application and all allegations of which you are/were aware that products practiced or currently practice any claim of any asserted patent, related patent, or related application.

7.      All documents concerning any proposals to license, negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning any asserted patent, related patent, or related application, including communications, draft agreements, and executed agreements concerning any potential license including any asserted patent, related patent, or related application.

8.      All documents concerning any current or former right, title, or interest in any asserted patent, related patent, or related application, including the chain of title, as well as all promises, transfers, liens, assignments, encumbrances, and agreements.

9.      All documents concerning the value of, any valuations of or attempts to value any asserted patent, related patent, or related application, whether individually or in combination with any other patents or applications, including of any portfolio containing any asserted patent or related patent.

10.      All documents concerning any ranking (in terms of strength, value, or otherwise) or rating of, or attempts to rank or rate any asserted patent, related patent, related application, whether individually or in combination with any other patents or applications, or any portfolio containing any asserted patent or related patent.

11.      All documents concerning any evaluation or analysis of any asserted patent, any related patent, or any related application, whether individually or in combination with any other patents or applications, including any evaluation or analysis of infringement, validity, or commercialization.

12.      All documents concerning each proposal, offer or other discussions by you or your predecessors in interest, regarding actual or potential agreements with Allied Security Trust, or WSOU regarding any asserted patent including communications regarding such a proposal, draft agreements, and executed agreements.

13.      All documents concerning any agreement with WSOU.

14.      All documents concerning each proposal, offer or other discussions by you or your predecessors in interest, regarding actual or potential agreements with WSOU or any subsidiary or affiliate of WSOU including communications regarding such a proposal, draft agreements, and executed agreements.

15.     All communications with Google regarding any asserted patents or related patents, including communications regarding your 2017 offer to Google to license a portfolio of former Nokia and Alcatel-Lucent Telecommunications patents.

16.     All documents regarding your 2017 offer to Google to license a portfolio of former Nokia and Alcatel-Lucent Telecommunications patents.

17.     All documents regarding any discussions or proposals with Google subsequent to 2017 regarding WSOU and/or a portfolio of former Nokia and Alcatel-Lucent Telecommunications.

18.     Any spreadsheet provided to Google by Mark McMillian at Aqua Licensing by email dated September 24, 2018.

19.     Any communications with Alcatel or Nokia regarding the asserted or related patents.

20.     Any communications with one or more of the Other WSOU Defendants concerning WSOU, the asserted patents, or the related patents.

## TOPICS FOR DEPOSITION

1.     The subject matter of all requests for production listed above.

2.     The authenticity of the documents produced in response to this subpoena.

3.     All attempts to license, sell, or assign: (1) any asserted patent, related patent, or related application, and/or (2) any rights to or interests in any asserted patent, related patent, or related application, and the people responsible for any attempts to license, sell, or assign any asserted patent.

4.      Any decision to license, sell, or assign any asserted patent, related patent, or related application and/or any rights to or interests in any asserted patent, related patent, or related application.

5.       The identity of all entities which have participated in the licensing, assignment, or sale of any asserted patent, related patent, or related application.

6.      The current or former right, title, or interest in any asserted patent, related patent, or related application, including the chain of title, as well as all promises, transfers, liens, assignments, encumbrances, and agreements.

7.      The value of, any valuations of or attempts to value any asserted patent, related patent, or related application, whether individually or in combination with any other patents or applications, including of any portfolio containing any asserted patent or related patent.

8.      Your current or former right, title, or interest in any asserted patent, related patent, or related application, including the chain of title, as well as all promises, transfers, liens, assignments, encumbrances, and agreements.

9.      The value of, any valuations of or attempts to value any asserted patent, related patent, or related application, whether individually or in combination with any other patents or applications, including of  or any portfolio containing any asserted patent or related patent.

10.       Your ranking (in terms of strength, value, or otherwise) or rating of, or attempts to rank or rate any asserted patent, related patent, related application, whether individually or in combination with any other patents or applications, or any portfolio containing any asserted patent or related patent.

11.     Your evaluation or analysis of any asserted patent, any related patent, or any related application, whether individually or in combination with any other patents or applications, including any evaluation or analysis of infringement, validity, or commercialization.

12.     Your proposals, offers or other discussions by you or your predecessors in interest, regarding actual or potential agreements with Allied Security Trust, or WSOU, LLC regarding any asserted patent including communications regarding such a proposal, draft agreements, and executed agreements.

13.     All agreements between you and WSOU.

14.     Proposals, offers or other discussions by you or your predecessors in interest, regarding actual or potential agreements with WSOU or any subsidiary or affiliate of WSOU including communications regarding such a proposal, draft agreements, and executed agreements.

15.     Your communications with Google regarding any asserted patents or related patents, including communications regarding your 2017 offer to Google to license a portfolio of former Nokia and Alcatel-Lucent Telecommunications patents.

16.     Your 2017 offer to Google to license a portfolio of former Nokia and Alcatel-Lucent Telecommunications patents.

17.     Any communications with Alcatel or Nokia regarding the asserted or related patents.

18.     Any communications with one of more of the Other WSOU Defendants concerning WSOU, the asserted patents, or the related patents.

# EXHIBIT 2



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Travis Richins** <travis@etheridgelaw.com>                                                    Thu, Sep 2, 2021 at 3:59 PM
To: Jen Kash <jen@warrenlex.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones
<mikejones@potterminton.com>, "Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A."
<tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-
583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU
Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge <jim@etheridgelaw.com>, IPTeam
<IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Jen,

Thank you for your email.  We are not available to meet and confer this week but can set up a time to
discuss this after Tuesday of next week. What is your availability after Tuesday of next week?

Sincerely,

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Jen Kash <jen@warrenlex.com>
**Sent:** Monday, August 30, 2021 3:43 PM
**To:** Travis Richins <travis@etheridgelaw.com>
**Cc:** Lanier, Greg <tglanier@jonesday.com>; Ellie Silberhorn <ellie@warrenlex.com>; Mike Jones
<mikejones@potterminton.com>; Mayergoyz, Sasha <smayergoyz@jonesday.com>; Stitt, Tracy A.
<tastitt@jonesday.com>; 20-571 <20-571@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-
583@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-585@cases.warrenlex.com>; WSOU
Investments LLC v. Google LLC <20-580@cases.warrenlex.com>; Jim Etheridge <jim@etheridgelaw.com>; IPTeam
<IPTeam@etheridgelaw.com>; Mark Siegmund <mark@waltfairpllc.com>

[Quoted text hidden]

[Quoted text hidden]

# EXHIBIT 3

| Attorney or Party without Attorney:<br>JENNIFER A. KASH (#)<br>WARREN LEX LLP<br>2261 MARKET STREET No. 606<br>SAN FRANCISCO, CA 94114<br>    Telephone No:   (415) 895-2940 | | For Court Use Only |
|---|---|---|
| Attorney For:   Defendant | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS | | |
| Plaintiff:  WSOU Investments LLC<br>Defendant:   Google LLC | | |

| PROOF OF SERVICE | Hearing Date:<br>08/04/2021 | Time: | Dept/Div: | Case Number:<br>6:20-cv-571-580, 582, 584, 585 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

3.  *a.*  *Party served:*    AQUA LICENSING LLC
    *b.*  *Person served:*   Justin Woods, Registered Agent Solutions, Inc, Registered Agent.

4.  *Address where the party was served:*   9 EAST LOOCKERMAN STREET SUITE 311, DOVER, DE 19901

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Jul 21 2021 (2) at: 02:10 PM
    b. Witness fee: $49.00

6.  **Person Who Served Papers:**
    a. Shelly Miles ()                                          **d.** *The Fee for Service was:*
    b. **FIRST LEGAL**
       1202 Howard Street
       SAN FRANCISCO, CA 94103
    c. (415) 626-3111

7.  *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*


07/21/2021

_____                    _____
        *(Date)*                                          *(Signature)*




**PROOF OF**
**SERVICE**

*5919485*
*(7821956)*

EXHIBIT 4



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Travis Richins** <travis@etheridgelaw.com>                                                    Mon, Aug 2, 2021 at 10:54 AM
To: Ellie Silberhorn <ellie@warrenlex.com>, Jim Etheridge <jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>
Cc: Greg Lanier <tglanier@jonesday.com>, Mike Jones <mikejones@potterminton.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-571@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>

Counsel,

We have been retained by Aqua Licensing to represent it in responding to Google's subpoena. Mr. McMillan is currently on a sailboat outside of the country and is not available for a deposition on August 4, 2021. He is, however, in the process of determining what responsive and discoverable documents Aqua may have.

Aqua requests that you extend the deadline to respond to the subpoena by 30 days.

Sincerely,

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Ellie Silberhorn <ellie@warrenlex.com>
**Sent:** Wednesday, July 21, 2021 8:00 AM
**To:** Jim Etheridge <jim@etheridgelaw.com>; IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@waltfairpllc.com>
**Cc:** Greg Lanier <tglanier@jonesday.com>; Mike Jones <mikejones@potterminton.com>; WSOU Investments LLC v. Google LLC <20-585@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-571@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-583@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-580@cases.warrenlex.com>
**Subject:** WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

[Quoted text hidden]

EXHIBIT 5



**WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)**

Travis Richins <travis@etheridgelaw.com>                                    Tue, Aug 17, 2021 at 4:10 PM
To: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>
Cc: Jim Etheridge <jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Counsel,

Please find attached Aqua Licensing's objections to Google's document requests. Aqua notes that many (if not all) of the documents Google requests are documents Google can obtain from public sources or from parties to the litigation. Licenses to the patents or the patent portfolio, for example, are documents Google can obtain directly from WSOU. Likewise, any relevant documents relating to chain of title, such as documents sufficient to identify all entities that are currently licensed to any asserted patent, are easily obtainable from public sources and/or from WSOU. Aqua should not be burdened with searching for or producing such documents.



If Google still demands this information of Aqua, Aqua requests that Google explain the relevance of the information Google is seeking and the reason Google cannot obtain this information from other sources. Aqua will consider any such response from Google. If Aqua does produce documents, Aqua will expect to be reimbursed by Google for Aqua's costs and fees.

Regarding Google's request for a deposition in Delaware, Mr. McMillan does not reside there, is not employed there, and does not regularly conduct business there. Further, the subpoena does not specify a time for the requested deposition. Mr. McMillan is on a boat outside of the country and requests that Google withdraw its burdensome demand for a deposition.  Please confirm that Google will do so.  Alternatively, please confirm that Google will table any discussion of a deposition at least until Google has explained the relevance of the information Google seeks and the reason Google cannot obtain it from other sources.

Aqua would prefer to avoid the burden of seeking court protection from the subpoena. If it is forced to seek protection, Aqua notes that the subpoena is not enforceable as issued, given the lack of a time for the deposition and the location. Please confirm that Aqua need not seek court protection at this time.

Sincerely,

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Lanier, Greg <tglanier@JonesDay.com>
**Sent:** Tuesday, August 3, 2021 4:56 PM
**To:** Travis Richins <travis@etheridgelaw.com>; Ellie Silberhorn <ellie@warrenlex.com>; Jim Etheridge <jim@etheridgelaw.com>;
IPTeam <IPTeam@etheridgelaw.com>; Mark Siegmund <mark@waltfairpllc.com>
**Cc:** Jones (External), Mike <mikejones@potterminton.com>; WSOU Investments LLC v. Google LLC <20-585@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-571@cases.warrenlex.com>; WSOU Investments LLC v.

Google LLC <20-583@cases.warrenlex.com>; WSOU Investments LLC v. Google LLC <20-580@cases.warrenlex.com>; Mayergoyz, Sasha <smayergoyz@JonesDay.com>; Stitt, Tracy A. <tastitt@JonesDay.com>

[Quoted text hidden]

[Quoted text hidden]

**2021-08-03 Aqua Licensing - Objections.pdf**
122K

EXHIBIT 6



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                                  Mon, Aug 30, 2021 at 1:43 PM
To: Travis Richins <travis@etheridgelaw.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-
585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge
<jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Counsel:

I write regarding the August 17, 2021 responses and objections from Aqua Licensing, LLC ("Aqua") to Google's subpoena served in the
WSOU v. Google Litigations.  Putting aside for a moment the inadequacy of the conclusory responses and objections from Aqua Licensing,
LLC—Google properly served the subpoena issued to the corporate entity Aqua Licensing, LLC, and Aqua Licensing, LLC is therefore
properly subject to the issued subpoena.  Aqua Licensing, LLC is a Delaware corporation, currently registered in Delaware, with a
registered agent of service at the location in Delaware where Google effected service.  Google is, of course, willing to work with Aqua
Licensing to identify a mutually agreeable date for a deposition and location for that deposition.

With respect to Aqua's generalized objection to relevance, as you are aware, Aqua conducted negotiations for patents, including the
patents-in-suit, on behalf of WSOU.  Google's topics seek relevant information from Aqua, pertaining to the issues of damages, invalidity,
non-infringement, license defenses, exhaustion, and standing.  If there are any specific topics you contend do not seek relevant
information, we would be willing to discuss those, although we note that Aqua did not properly provide any such objections in its response.

Aqua is bound by court order to produce documents responsive to the subpoena after a reasonable search. ███████████████████
████████████████████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████

Turning to Aqua's demand that Google seek discovery through WSOU first, Google has already sought responsive documents from WSOU
through discovery in the underlying litigation, and WSOU has yet to produce any documents reflecting its relationship and communications
with Aqua.  One such request sought documents: "concerning any financial analyses, opinions, evaluations, valuations, rankings, or ratings
of the Patent-in-Suit, related patents, related applications, or any intellectual property portfolio including the Patent-in-Suit, related
applications, or related patents, including without limitation, all documents concerning any attempt to engage in any of the foregoing."
WSOU produced no documents in response to this request.  Aqua, however, possesses such documents as Aqua acted on behalf of
WSOU during at least 2017 and 2018 with respect to the monetization of the WSOU patent portfolio, inclusive of the patents-in-suit.
Aqua's refusal to even search for responsive documents because it contends Google ████████████████████████████████
███████████████ is particularly egregious given Aqua counsel and WSOU counsel are two sides of the same coin.  Aqua counsel is
unquestionably aware of WSOU's responses to Google's discovery requests.

Furthermore, the requests in Exhibit A to the subpoena served upon Aqua call for more than just those documents that might also be in the
possession of ███████████████████  For example, Request for Production No. 7 seeks documents concerning "proposals to license,
negotiations, discussions, offers to license, presentations, or any other communications, regarding any potential agreement concerning any
asserted patent, related patent, or related application, including communications, draft agreements, and executed agreements concerning
any potential license including any asserted patent, related patent, or related application."  This request implicates Aqua's own actions
surrounding the asserted and related patents. ████████████████████████████ could more readily obtain this information.  Similarly,
Request for Production No. 20 seeks "communications with one or more of the Other WSOU Defendants concerning WSOU, the asserted
patents, or the related patents."  This request, too, concerns entities separate to any Aqua cites, and is a request to which only Aqua—██
████████████████████—can respond.  Aqua's broad refusal to make a good faith effort to search for documents in response to any of
the requests within the validly served subpoena is not well-taken.

Please let us know a time this week when you are available to meet to discuss this subpoena.

Sincerely,

Jen Kash
Partner, Warren Lex LLP
2261 Market Street, No. 606
San Francisco, CA, 94114
1-415-895-2923
jen@warrenlex.com

[Quoted text hidden]
--

# EXHIBIT 7

CONFIDENTIAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |  |
|---|---|---|
| | § | **CIVIL ACTION 6:20-cv-00571-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00572-ADA** |
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-cv-00573-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00574-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00575-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00576-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00577-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00578-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00579-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00580-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00581-ADA** |
| **GOOGLE LLC,** | § | **CIVIL ACTION 6:20-cv-00582-ADA** |
| *Defendant.* | § | **CIVIL ACTION 6:20-cv-00583-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00584-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00585-ADA** |

**AQUA LICENSING'S OBJECTIONS TO SUBPOENA**

CONFIDENTIAL

Dated: August 17, 2021                    Respectfully submitted,

                              By:      */s/ Ryan Loveless*
                                      James L. Etheridge
                                      Texas Bar No. 24059147
                                      Ryan S. Loveless
                                      Texas Bar No. 24036997
                                      Brett A. Mangrum
                                      Texas Bar No. 24065671
                                      Travis L. Richins
                                      Texas Bar No. 24061296
                                      Jeffrey Huang
                                      Brian M. Koide
                                      Etheridge Law Group, PLLC
                                      2600 E. Southlake Blvd., Suite 120 / 324
                                      Southlake, TX 76092
                                      Tel.: (817) 470-7249
                                      Fax: (817) 887-5950
                                      Jim@EtheridgeLaw.com
                                      Ryan@EtheridgeLaw.com
                                      Brett@EtheridgeLaw.com
                                      Travis@EtheridgeLaw.com
                                      Jhuang@EtheridgeLaw.com
                                      Brian@EtheridgeLaw.com


                                      *Counsel for Respondent*

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing instrument was served or delivered electronically via

email to all counsel of record on August 17, 2021.

                                      */s/ Ryan Loveless*
                                      Ryan S. Loveless

# EXHIBIT 8



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                            Thu, Sep 2, 2021 at 4:53 PM
To: Travis Richins <travis@etheridgelaw.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>, "Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge <jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Thanks Travis,

How does Wednesday, September 9 at 1 pm pacific, 3 pm central work look for you?

Best, Jen

[Quoted text hidden]

# EXHIBIT 9



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                                    Tue, Sep 7, 2021 at 12:59 PM
To: Travis Richins <travis@etheridgelaw.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-
585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge
<jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Hi Travis,

Following up on below.  Does tomorrow (September 8, Wednesday) at 1 pm pacific, 3 pm central work for a meet and confer on the Aqua
subpoena.  If it does, I will forward an invite.  Thanks, Jen
[Quoted text hidden]

# EXHIBIT 10



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Travis Richins** <travis@etheridgelaw.com>                                      Wed, Sep 8, 2021 at 8:19 AM
To: Jen Kash <jen@warrenlex.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-
585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge
<jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Jen,

Thanks for following up. We are unavailable today but can meet on Monday between 12pm - 2pm CT.  Please let me know
if that works for you. Thanks.

**Travis Richins** | Etheridge Law Group
2600 East Southlake Blvd | Suite 120-324 |Southlake, TX  76092
travis@etheridgelaw.com | T 214 601 0678 | F 817 887 5950

---

**From:** Jen Kash <jen@warrenlex.com>
**Sent:** Tuesday, September 7, 2021 2:59 PM
[Quoted text hidden]

[Quoted text hidden]

EXHIBIT 11



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                                                Thu, Sep 9, 2021 at 8:22 AM
To: Travis Richins <travis@etheridgelaw.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>,
"Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>,
"WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge
<jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Travis,

How about 11 am pacific/1 pm central for this meet and confer?   Please let me know and I will send an invite for the call.

Thanks, Jen

[Quoted text hidden]

# EXHIBIT 12



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-574, 20-575, 20-576, 20-577, 20-578, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                                                  Fri, Sep 10, 2021 at 4:38 PM
To: Travis Richins <travis@etheridgelaw.com>
Cc: "Lanier, Greg" <tglanier@jonesday.com>, Ellie Silberhorn <ellie@warrenlex.com>, Mike Jones <mikejones@potterminton.com>, "Mayergoyz, Sasha" <smayergoyz@jonesday.com>, "Stitt, Tracy A." <tastitt@jonesday.com>, 20-571 <20-571@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, Jim Etheridge <jim@etheridgelaw.com>, IPTeam <IPTeam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>

Travis,

I accepted a time within the window you provided on Monday for a meet and confer on the Aqua subpoena.  Please confirm you will be available at 1 pm central on Monday to discuss.   Thanks, Jen

[Quoted text hidden]

# EXHIBIT 13

**WARREN LEX** LLP

2261 MARKET STREET  No. 606      TEL  +1 (415) 895 2940
SAN FRANCISCO  CA  94114         FAX  +1 (415) 895 2964

September 16, 2021

**By Electronic Mail**

Travis Richins
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120/324
Southlake, Texas, 76092
travis@etheridgelaw.com

Re:    **WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-575, 20-576,
       20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)**

Dear Mr. Richins:

I write to follow up on our meet and confer call of this past Monday, September 13, regarding responses
and objections from Aqua Licensing, LLC to Google's subpoenas for deposition and documents served in
these actions on August 17, 2021, and in response to your email of September 15.

During our call of September 13, you confirmed that Aqua has located responsive documents concerning
the patents-in-suit and/or related patents that fall into two separate categories.  The first category is
executed agreements involving the patents-in-suit or related patents.  You confirmed that Aqua will
produce these documents as soon as it complies with its confidentiality obligations to provide notice to
third parties, and that you would start that process this week.

The second category you described is documents concerning negotiations regarding agreements to license
or purchase the patents-in-suit or related patents.  Although you confirmed that Aqua does have
documents in this category, you objected to their production.  As authority, you stated that Judge Albright,
in a sealed hearing to which neither Aqua nor Google was a party, had denied another party's request that
WSOU produce documents concerning negotiations for a patent purchase agreement.  On these grounds,
you stated that Aqua would not produce documents concerning negotiations.  You also stated that while
documents in this category do exist, Aqua did not locate any documents concerning negotiations with
Google about the patents-in-suit or related patents.

As I explained to you on the call, Aqua must produce both categories of documents you have found.  The
category to which you raised an objection—documents concerning negotiations for a license or purchase
of the patents-in-suit or related patents—is responsive to the subpoena, highly relevant to the issues in the
underlying litigation, and would impose no undue burden on Aqua through production.  *See, e.g., In re
MSTG, Inc*., 675 F.3d 1337, 1340 (Fed. Cir. 2012).

Second, as I also explained on our call, the subpoena calls for the production of more documents than
those in your two categories.  You asked me to provide you with a list of additional representative
responsive documents that we believe Aqua has in its possession, custody or control; I agreed to do so.

Travis Richins
Etheridge Law Group, PLLC
Page 2

Below please find a list of some exemplary categories.  As I emphasized on our call, these categories are are *examples* of the types of documents requested by the subpoena:

- Valuations or rankings of the patents-in-suit or any portfolio containing the patents-in-suit or related patents.  Examples could include Innography reports or other similar documents, whether prepared within Aqua or outside it.  One example of a document in this category, which Aqua previously provided to Google, is at Bates number GOOG-WSOU571-00049420 in Google's production.

- Agreements between Aqua and WSOU concerning the licensing or marketing of the patents-in-suit or any portfolio containing the patents-in-suit or related patents.

- Market analysis or competitive analysis of the market for the sale or licensing of the patents-in-suit or related patents.  Examples could include any research into what entities might or might not be interested in purchasing the patents-in-suit or a portfolio containing the patents-in-suit.  Example of documents in this category, which ██████████████ ██████ can be found beginning at Bates number GOOG-WSOU571-00049416, and in the attachments to the email beginning at Bates number GOOG-WSOU571-0048752 at 0047873 ("The Telecommunications Portfolio II Offering") in Google's production.

- Analysis of any products against any of the patents-in-suit, including for example charting of those products.

You agreed to inform me whether or not Aqua would search for these documents, or whether or not it objects to doing so.  Please do so as soon as possible and no later than September 21, 2021.

Third, you stated that, if the only documents Aqua agreed to produce were executed agreements, Aqua would object to a deposition.  As I explained to you on the call, this position is nonsensical.  Google is entitled to a deposition of Aqua regardless of the scope of Aqua's production; otherwise recipients of subpoenas would have a perverse incentive to produce very few documents in order to justify their objections to a deposition.  Google's deposition subpoena calls for testimony beyond any documents produced by Aqua.  Google will proceed with a deposition of Aqua on the topics it noticed.

Contrary to your email of September 15, I never offered to allow Aqua to preserve its objections to the deposition topics in exchange for providing a tentative date for the deposition—doing so would, again, be nonsensical, since Aqua has already waived its objections and Google is already entitled to a deposition date.  Instead, as you know, during our call we simply agreed to proceed on both tracks independently: while we seek to resolve our dispute on the scope of documents Aqua will produce, you would also check on the availability of Aqua's witness for its deposition.  You also informed me that Mr. Macmillan would be Aqua's witness; as I informed you on the call, Google is willing to move forward with this deposition in Delaware, St. Croix, California, or remotely by video conference.  Please provide us dates when Mr. Macmillan will be available to sit for deposition, and where, as soon as possible.

Travis Richins
Etheridge Law Group, PLLC
Page 3


Please let me know if I have mischaracterized anything discussed or agreed to on our call.  In the meantime, I look forward to Aqua's prompt response.


Very Truly Yours,

Jennifer A Kash

# EXHIBIT 14



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-575, 20-576, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                        Tue, Sep 28, 2021 at 3:45 PM
To: Ellie Silberhorn <ellie@warrenlex.com>
Cc: Jim Etheridge <jim@etheridgelaw.com>, Etheridge Law Group Team <ipteam@etheridgelaw.com>, Mark Siegmund <mark@waltfairpllc.com>, Travis Richins <travis@etheridgelaw.com>, Greg Lanier <tglanier@jonesday.com>, Mike Jones <mikejones@potterminton.com>, "WSOU Investments LLC v. Google LLC" <20-571@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-580@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "Blumenfeld, Jack" <JBlumenfeld@morrisnichols.com>, "Egan, Brian P." <began@morrisnichols.com>

Travis,

We have not received a response from Aqua to my letter of September 16, 2021.  We are requesting a follow-up meet and confer to see if there is any room for parties to reach agreement on Aqua's response to this subpoena.   Would you be available for a call on Monday, October 4, 2021 at any of the following (central) times: 9:30 am, 11:30 am, 2 pm or 2:30 pm?  Please let me know and I will circulate a dial-in.

Thanks in advance, Jen

[Quoted text hidden]

# EXHIBIT 15



## WSOU Investments LLC v. Google LLC, Nos. 20-571, 20-572, 20-573, 20-575, 20-576, 20-579, 20-580, 20-583, 20-584, 20-585 (W.D. Texas)

**Jen Kash** <jen@warrenlex.com>                                                                 Thu, Sep 30, 2021 at 10:35 AM
To: Ellie Silberhorn <ellie@warrenlex.com>
Cc: Jim Etheridge <jim@etheridgelaw.com>, Etheridge Law Group Team <ipteam@etheridgelaw.com>, Mark Siegmund
<mark@waltfairpllc.com>, Travis Richins <travis@etheridgelaw.com>, Greg Lanier <tglanier@jonesday.com>, Mike Jones
<mikejones@potterminton.com>, "WSOU Investments LLC v. Google LLC" <20-571@cases.warrenlex.com>, "WSOU Investments LLC v.
Google LLC" <20-580@cases.warrenlex.com>, "WSOU Investments LLC v. Google LLC" <20-583@cases.warrenlex.com>, "WSOU
Investments LLC v. Google LLC" <20-585@cases.warrenlex.com>, "Blumenfeld, Jack" <JBlumenfeld@morrisnichols.com>, "Egan, Brian P."
<began@morrisnichols.com>

Travis,

Following up on this.  Can you let me know today what time on Monday works, as requested below?  Thanks, Jen

[Quoted text hidden]

# EXHIBIT 16

REDACTED

# EXHIBIT 17

REDACTED

# EXHIBIT 18

REDACTED

# EXHIBIT 19

REDACTED

EXHIBIT 20

REDACTED

# EXHIBIT 21

REDACTED

# EXHIBIT 22

REDACTED

EXHIBIT 23

REDACTED

# EXHIBIT 24

REDACTED

# EXHIBIT 25

REDACTED